12 F.3d 1102
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Louis KUHN, Jr., Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; Acting Administrator,
Federal Aviation Administration, Respondents.
 No. 93-1999.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 30, 1993.
Filed: December 8, 1993.
 
 Petition for Review of an Order of the National Transportation
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Louis Kuhn, Jr. petitions for review of the National Transportation Safety Board's dismissal of his appeal from the denial of his application for attorney fees under the Equal Access to Justice Act of 1980 (EAJA), 5 U.S.C. Sec. 504 (1988). We affirm.
 
 
 2
 The regional counsel of the Federal Aviation Administration (FAA) issued Kuhn an order suspending his commercial pilot license after inspectors discovered a layer of ice on the propeller blades of an airplane he was piloting on December 1, 1987. Kuhn maintained he called the FAA Automated Flight Service Station requesting the latest weather information for his flight, and the briefer on duty told him the weather was improving, any possible icing conditions had moved away from his proposed route, and he would not encounter the icing conditions forecast earlier.
 
 
 3
 On May 10, 1989, at the end of a hearing, the Administrative Law Judge (ALJ) orally concluded that because the FAA did not contradict Kuhn's statement or admit a contrary tape recording of the weather briefing, the government did not sustain its burden to show Kuhn violated FAA regulations by flying into known or forecast icing conditions without de-icing equipment or by operating an aircraft in a careless manner.
 
 
 4
 Kuhn filed his application for attorney fees, and on May 1, 1990, the ALJ filed a written decision denying Kuhn's application on the merits, concluding the FAA was substantially justified in issuing a suspension order against Kuhn. Kuhn appealed to the Board. His notice of appeal was dated May 14, 1990, but the certificate of service was dated May 16, 1990.
 
 
 5
 The FAA moved to dismiss the appeal, arguing the appeal was untimely because it was filed more than ten days after the ALJ's May 1 denial of Kuhn's fee application. See 49 C.F.R. Sec. 821.47 (1992). Kuhn answered, arguing he had informed the Board on August 9, 1989, to forward all future correspondence to him at his business address. He further asserted the May 1, 1990, decision was mailed to his former home address and was returned to the Office of Administrative Law Judges (OALJ) on May 4, 1990, with a stamp from the Postal Service showing Kuhn's current residence address. The decision was then remailed to the address on the Postal Service's stamp. Kuhn received the decision on Thursday, May 10, 1990. Kuhn stated he filed his notice of appeal on Monday, May 14, 1990.
 
 
 6
 Nearly two years after Kuhn filed his notice of appeal, the Board granted the FAA's motion to dismiss, concluding the OALJ's mismailing did not prevent Kuhn from filing a timely notice or a request for an extension by May 11, and Kuhn had not shown good cause to excuse his untimely notice of appeal. One Board member dissented. Kuhn petitioned for reconsideration. The Board denied the reconsideration motion, concluding Kuhn had not established error in it original decision or a valid basis for reconsideration. Two Board members dissented.
 
 
 7
 Kuhn petitions this court for review of the Board's decision dismissing his appeal from the denial of his attorney fee application. He argues the decision is inconsistent with the law because the OALJ did not properly serve him; he showed good cause in light of his pro se status, the OALJ's error in serving him at the wrong address, and his due diligence and reasonable efforts; and the Board's decision is inconsistent with the clear intent of EAJA and is contrary to the public interest.
 
 
 8
 We may set aside the Board's decision only if it is " 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' " Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971) (quoting 5 U.S.C. Sec. 706(2)(a)). Under the Board's regulations implementing EAJA, 49 C.F.R. Secs. 826.1 -.40, either the EAJA applicant or agency counsel may seek review of an initial decision under Secs. 821.47-.50. 49 C.F.R. Sec. 826.38. Section 821.47 requires the party to file "a notice of appeal within 10 days after an oral initial decision has been rendered or a written decision or an order has been served."
 
 
 9
 Under any of the applicable regulations, the OALJ did not properly serve the May 1 decision. The decision was not properly addressed to Kuhn at his designated address. The first mailing could not be presumed lawfully served because neither Kuhn, nor anyone who customarily receives his mail, acknowledged its receipt. See 49 C.F.R. Sec. 821.8(g).
 
 
 10
 Because the record does not show when the decision was remailed, we cannot say whether Kuhn's notice of appeal was untimely. Even assuming the notice was untimely, Kuhn may proceed with his appeal if the Board's decision, finding Kuhn lacked good cause to excuse the delay under 49 C.F.R. Sec. 821.11, was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.
 
 
 11
 Implicit in an agency's authority to establish and enforce its own procedural rules, see Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., 435 U.S. 519, 543 (1978), is the agency's responsibility to adhere to fundamental fairness. See Oberstar v. Federal Deposit Ins. Corp., 987 F.2d 494, 504 (8th Cir. 1993). The FAA asks us to affirm the Board's dismissal of Kuhn's appeal because of a minor delay in filing his notice of appeal, which was caused by the OALJ's failure to follow its own regulations when it mailed the decision to an address other than the designated address, and without showing the FAA suffered any prejudice. Under these circumstances, we believe the Board has treated Kuhn unfairly by concluding he did not show good cause to excuse his delay, in light of the OALJ's noncompliance with the regulations.
 
 
 12
 Notwithstanding the reservations we have expressed about the Board's decision dismissing Kuhn's appeal, a remand to the Board would be a futile gesture. Having reviewed the administrative record as a whole, we do not believe the ALJ abused his discretion by concluding that the FAA's position in bringing the original suspension action was substantially justified. See 5 U.S.C. Sec. 504(a)(1); Iowa Express Distribution, Inc. v. NLRB, 739 F.2d 1305, 1307 (8th Cir.) (abuse of discretion standard), cert. denied, 469 U.S. 1088 (1984).
 
 
 13
 Accordingly, we affirm the Board's order.